NIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).

**Jeton BAJRAMAJ, Petitioner,**

v.

**Alberto GONZALES, Attorney General of the United States, U.S. Citizenship & Immigration Services, Respondents.**

No. 06–5072–ag.

United States Court of Appeals, Second Circuit.

Sept. 7, 2007.

Joshua Bardavid, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Cindy S. Ferrier, Senior Litigation Counsel, Matt A. Crapo, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Jeton Bajramaj, a native and citizen of the former Yugoslavia, seeks review of an October 5, 2006 order of the BIA summarily affirming the April 8, 2005 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jeton Bajramaj*, No. A98 282 230 (B.I.A. Oct. 5, 2006), *aff'g* No. A98 282 230 (Immig. Ct. N.Y. City Apr. 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, claim waived, as he failed in his brief to this Court 426 F.3d 540, 541 n. 1, 545 we deem the petitioner's CAT to argue that claim sufficiently. *See Yueqing Zhang v. Gonzales*, n. 7 (2d Cir. 2005).

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

We find that the IJ's adverse credibility determination is supported by substantial evidence. The IJ based her determination in part on her finding that Bajramaj did not answer questions directly. We give particular deference to the IJ's assessment of demeanor, especially where, as here, the IJ supports her finding with specific examples in the record. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005).

The IJ also properly noted Bajramaj's shifting testimony regarding the number of times he left Kosovo. Indeed, when his attorney first asked him whether he ever left Kosovo before April 2004, he answered, "No." However, he later testified to having left Kosovo on two separate occasions prior to 2004. When the IJ confronted him with this inconsistency, he explained that he "thought [his lawyer] meant the year 2004 from beginning to the end." The IJ did not err in refusing to credit this explanation when a reasonable factfinder would not have been compelled to do so. *See Majidi*, 430 F.3d at 80–81.

The IJ properly found that Bajramaj's testimony implausible on a number of grounds. Testimony regarding his party's leadership was inconsistent.

Testimony that in 2002, the store that Bajramaj had opened was ransacked and destroyed by "some persons" who left him a letter which threatened, "If we find you again we will eliminate you," was unbelievable because Bajramaj asserted that these were the same persons who had attacked him at his home. It was implausible that they would threaten to kill him if they found him, when they already knew where he lived. Also implausible was Bajramaj's testimony that the Serbian police arrested and released him on the condition that he return in two days with the weapons they suspected him of supplying the KLA, yet he left and returned to Kosovo a few times after that incident without any further problems from the Serbian police.

Although we do not agree with all of the IJ's findings, remand would be futile in this case because the demeanor finding, inconsistencies, and implausibilities properly identified by the IJ provide substantial evidence for the adverse credibility determination. *See Xiao Ji Chen v. U.S. Dep't. of Justice,* 471 F.3d 315, 338–39 (2d Cir.2006); see also *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) (finding that "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters 'collateral or ancillary to the claim,' ... the cumulative effect may nevertheless be deemed consequential by the fact-finder" (citations omitted)). Because the IJ's adverse credibility determination is supported by substantial evidence, it is dispositive of Bajramaj's asylum claim.

Finally, because the only evidence of a threat to Bajramaj's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal is DISMISSED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).